IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNA JOHNSON and<br>TOM JOHNSON, | )<br>)<br>) | 8:05CV145 |
| Plaintiffs, | )<br>) | |
| vs | )<br>) | **MEMORANDUM<br>AND ORDER** |
| KDI OMAHA, LP; a Nebraska<br>Limited partnership; EATON<br>HYDRAULICS, INC., a Nebraska<br>Corporation, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Pending before me are a motion to dismiss and a motion for award of costs of litigation, submitted by KDI OMAHA, LP (KDI), both predicated on the notion that the plaintiffs have failed to allege compliance with 42 U.S.C. § 6972(b)(2)(A) (requiring *notice* to various parties and a 90-day *delay* prior to instituting a citizen's suit under the Resource Conservation and Recovery Act of 1976 (RCRA)).

Emphasizing that "notice" and "delay" do not mean the same things, I will deny the motions without prejudice. However, I shall also require the plaintiffs to give notice to certain governmental parties and amend their complaint to show that they have done so.

### *I. Background*

If a citizen desires to sue under 42 U.S.C. § 6972(a)(1)(B), normally, he must first notify certain governmental actors, as well as the violators, and then wait 90 days. 42 U.S.C. § 6972(b)(2)(A). However, the *delay* provisions of RCRA need not be satisfied when suit is brought under 42 U.S.C. § 6972(a)(1)(B) <u>and</u> a violation of

subchapter III is involved. 42 U.S.C. § 6972(b)(2)(A). Subchapter III involves hazardous waste management. See 42 U.S.C. §§ 6921-6939e.

The exception for *delay* arises out of a proviso at the end of the "notice" and "delay" statute. That proviso states: "except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of subchapter III of this chapter." 42 U.S.C. § 6972(b)(2)(A) (last sentence).[1]

In this case, the complaint alleged a violation of 42 U.S.C. § 6972(a)(1)(B). (Filing 1, at 11 ¶47.) However, the complaint does not allege compliance with the notice or the delay provisions of 42 U.S.C. § 6972(b)(2)(A).

Essentially, the plaintiffs claim that if the property at issue is developed into a shopping center, the residents who live near the site will be harmed because of the uses to which the site had previously been put. In short, if the site is disturbed without an appropriate remedial plan, the plaintiffs claim they will be harmed.

In particular, the complaint specifically alleges the existence on site of "chemicals . . . known to be extremely hazardous to human health." (Filing 1, at 4 ¶ 20.) There are numerous other references to hazardous waste and the harmful impact that the challenged development may have upon the plaintiffs if these hazardous materials are disturbed without a proper plan. (E.g., Filing 1, at 10 ¶¶ 42, 43.)

---

[1] Despite quoting a portion of § 6972(b)(2)(A) (filing 9, at 2-3), counsel for KDI failed to call my attention to this exception. In the future, counsel should take pains to be more candid and more careful.

## *II. Analysis*

First, the plaintiffs are *incorrect* to assert that compliance with the notice and delay provisions of RCRA are affirmative defenses and cannot be raised on a motion to dismiss. Quite the contrary, these issues relate to this court's subject matter jurisdiction. In fact, at least one of the cases relied upon by the plaintiffs emphasizes this jurisdictional point. Covington v. Jefferson County, 358 F.3d 626, 636 (9th Cir. 2004). Hence, KDI properly raises this issue by a motion to dismiss.

Second, KDI does not dispute the assertion in the plaintiffs' responsive brief that this is a *hybrid* action involving (1) hazardous waste allegations under RCRA and (2) other allegations under RCRA, both regarding the same site. Giving the plaintiffs the benefit of the pleading doubt, I agree with them that I must construe the complaint as a being a hybrid under RCRA.

Third, assuming (solely for the sake of argument) that this is a hybrid case under RCRA, the case law (cited by the plaintiffs) holds that compliance with the *delay* provisions in hybrid cases is not required. Covington, 358 F.3d at 637 (neither 60-day nor 90-day delay requirements under RCRA are applicable to nonhazardous waste claims in a hybrid suit so long as nonhazardous waste claims are related in time or location to any hazardous waste claim); Dague v. City of Burlington, 935 F.2d 1343, 1352 (2d Cir. 1991) (same), rev'd in part on other grounds, 505 U.S. 557 (1992).[2] According to these cases, compliance with the *delay* requirement is excused for the hazardous waste portion of the suit and all the other portions of the RCRA suit as well. Since KDI has not made a contrary argument in a reply brief, I presume for

---

[2] Counsel for the plaintiffs failed to call to my attention the fact that Dague had been reversed in part on other grounds by the Supreme Court. In the future, counsel should take pains to be more candid and more careful.

-3-

the moment that the plaintiffs are correct that they need not comply with the *delay* provisions of the law.

Fourth, Dague suggests that "notice" is required even in a hybrid case, but "delay" is not mandatory.[3] But, Dague also holds that dismissal is not warranted in a hybrid case when there is a defect in notice, at least where some type of notice has been given to the governmental parties set forth in 42 U.S.C. § 6972(b)(2)(A)(i)&(ii). Dague, 935 F.2d at 1354. In addition, I observe that notice was given to the governmental parties in the other case relied upon by the plaintiffs. See Covington. 358 F.3d at 634.  Accordingly, the plaintiffs will be instructed to give notice to the governmental entities identified in the statute and to amend their complaint to show that they have complied with my instructions.

Finally, this may not be the last word on this subject in this case.  Under appropriate circumstances, I may reconsider, particularly if more targeted briefing persuaded me that I should.

IT IS ORDERED:

1.The motion to dismiss (filing 8) is denied without prejudice;

2.The motion for award of costs of litigation (filing 11) is denied without prejudice;

3.Within 30 days of the date of this order, the plaintiffs shall give the notice required by 42 U.S.C. § 6972(b)(2)(A)(i)&(ii) to the governmental parties identified therein.

---

[3]That is also how I read the exception to 42 U.S.C. § 6972(b)(2)(A).

      4.      Within 45 days of the date of this order, the plaintiffs shall amend their complaint to show that the aforementioned notice has been given as required by this order.

June 22, 2005.                          BY THE COURT:

                                                 *s/Richard G. Kopf*
                                                 United States District Judge