```
                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| DONNA JOHNSON and TOM JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV145 |
| v. | ) ) | |
| KDI OMAHA and EATON HYDRAULICS, INC., | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

Sean Johnston ("applicant") has filed a motion to intervene in this matter, stating that he has "legal domicile" at a property near the "Vickers site construction project" and therefore is "potentially to be affected" by the alleged contamination of that site. No response to the motion has been filed. There are several problems with the motion that require it be denied at this time.

The Federal Rules of Civil Procedure allow intervention "as of right" (Rule 24(a)) or "permissive intervention" (Rule 24(b)). The applicant's motion claims that the applicant is a party in interest because he has "domicile" at an address that is adjacent to, but not in, the Stillmeadow Neighborhood. However, applicant is presently an inmate at the Nebraska State Penitentiary in Lincoln, and the motion does not state whether or when he will be released from that facility. Thus, there is no way to determine whether he is in a position to be affected by any contamination. Further, he does not state that he owns the property, but only that he has "legal domicile" there; if he is not the owner of the property and does not live there, it is difficult to conclude that he has any interest in the outcome of the plaintiffs' claims.

This case has been pleaded as a class action. Unfortunately, the class has not been defined in the complaint, and there has been no motion for certification of a class. Paragraph 11 of the complaint alleges that plaintiffs bring this action "on behalf of the residents of the Stillmeadow Neighborhood *and any other parties which may be adversely affected* by the planned demolition...." Paragraph 13 alleges that "Plaintiffs are also proper representatives of Stillmeadow and its residents, *and other potentially affected individuals*, and thereby, may bring an action as representatives of a class of individuals that may be adversely affected...." Paragraph 29 alleges that "Any construction activity on the Property, without remediation of the pollution and contamination, would present a risk to the residents of Stillmeadow, *and others in the vicinity*...." In addition, the prayer for relief is couched in terms of relief to protect "the residents of Stillmeadow *or others*. Other parts of the complaint, however, appear to limit the claims to those who reside within the Stillmeadow Neighborhood. See, e.g., Paragraph 32 (alleging exacerbation of pollution "at *the Property and in Stillmeadow*"), Paragraph 38 (questioning whether Eaton would "protect Plaintiffs *and other residents of Stillmeadow*....") and Paragraphs 39, 40, 45 (same). Paragraph 43 is vague as well, alleging adverse effects on "Plaintiffs and the surrounding habitants...."

Until a class has been defined and certified, or alternatively until a motion for class certification has been denied, the case must be considered a class action, particularly as regards any settlement or voluntary dismissal, to protect the interests of any putative class members. See, e.g., Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc. 187 F.3d 941, 950 (8th Cir. 1999). (Case's status as only a "putative" class action

2

precluded voluntary dismissal by plaintiffs without court approval and possibly, notice to the class as required by Rule 23(e)); Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996); Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401, 1406-11 (9th Cir. 1989) (stating that "during the interim between filing and certification, a court must assume for purposes of dismissal or compromise that an action containing class allegations is really a class action"); Glidden v. Chromalloy American Corp., 808 F.2d 621, 625-28 (7th Cir. 1986) (stating that even absent improper motive, dismissal of action by named plaintiff without notice may injure putative class members by leaving them to "fend for themselves" without knowledge that they should do so, and recognizing conflicting authority on issue of whether putative class action should be considered a class action for all purposes until the court *denies* a motion for class certification); Cf. Shelton v. Pargo, Inc., 582 F.2d 1298, 1304-1314 (4th Cir. 1978) (concluding that Rule 23(e) does not apply before certification of proposed class, but requiring "careful hearing" to protect interests of putative class members and to prevent collusion or prejudice).

Applicant may, in fact, be a putative class member in this case. It is impossible to know that at this stage, however, because there has been no definition of the class, much less certification. If he becomes a member of the class, his intervention is unnecessary. However, if he does not become a member of the class, he may have an entitlement to intervene, depending on the similarities between his circumstances and those of the class. Because of these unknowns, and because he has not shown such an entitlement through similarity of circumstances at this time, I shall deny the motion to intervene. I shall do so, however, without prejudice to a later motion if such becomes

3

appropriate.  (In this regard, applicant may wish to consult plaintiffs' counsel to be represented in the shaping of the class definition, or alternatively to learn whether he is a member of a putative class).

IT THEREFORE HEREBY IS ORDERED:

1. The motion to intervene, filing 18, is denied without prejudice.

2. The applicant's request to correct spelling, considered a motion to correct spelling, filing 20, is denied as moot.

DATED this 8th day of July, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge