IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNA JOHNSON and TOM JOHNSON, | ) ) ) | 8:05CV145 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| KDI OMAHA and EATON HYDRAULICS, INC., | ) ) ) | |
| Defendants. | ) | |

    Billy Roy Tyler sought and was denied leave to intervene in this action (filing 31). Subsequently, this action was dismissed (filings 34 and 35). Mr. Tyler has now filed a Notice of Appeal (filing 36), seeking to appeal "the order of dismissal" and leave to appeal in forma pauperis ("IFP").

    Mr. Tyler is not a party to this action, and lacks standing to appeal the court's order dismissing the action. An appeal may not be taken IFP if it is not taken in good faith. 28 U.S.C. § 1915(a)(3). In Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000), the Seventh Circuit held that "good faith' for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This appeal is not taken in good faith because the party seeking to appeal is not a party to the action.

    A "party" may file a motion pursuant to Fed. R. App. P. 24(a)(5) with the Court of Appeals to request leave to proceed IFP on appeal. Such motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or

by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Fed. R. App. P. 24(a)(5). Mr. Tyler may wish to consider filing a Fed. R. App. P. 24(a)(5) motion with the Court of Appeals. Any such motion must be filed within 30 days after service of this memorandum and order. If such motion is filed, the Court of Appeals will determine whether Mr. Tyler is a "party" within the meaning of Fed. R. App. P. 24(a)(5).

Accordingly,

IT IS ORDERED:

1.  The appeal in this case is not taken in good faith and Mr. Tyler may not proceed in forma pauperis on appeal; and

2.  Pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this memorandum and order to the parties and the Court of Appeals for the Eighth Circuit as notice that this court has certified that the appeal is not taken in good faith and found that Mr. Tyler may not proceed in forma pauperis on appeal.

August 24, 2005                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge